UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DIANE BURLEY,                                    :
                                                 :
                        Plaintiff                :
                                                 :
            -against-                            :    **SUMMARY ORDER OF REMAND**
                                                 :    17-CV-1193 (DLI)(CLP)
TARGET DEPARTMENT STORE, INC.,                   :
                                                 :
                        Defendants.              :
-------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On March 2, 2017, defendant Target Department Store, Inc. ("Defendant") filed a notice to remove this action from the Supreme Court for the State of New York, Kings County to this Court (the "Notice," Dkt. Entry No. 1). For the reasons set forth below, this case is remanded *sua sponte* to the state court.

## BACKGROUND

On July 22, 2016, Plaintiff Diane Burley ("Plaintiff") commenced this action in state court alleging a claim against Defendant relating to injuries that occurred on Defendant's premises in Brooklyn, New York. (Complaint ("Compl.") ¶ 7, Ex. A to Notice.) On March 2, 2017, Defendant removed the action to this Court, asserting that there was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. (Notice ¶¶ 5-9.) Specifically, Defendant argues that there is complete diversity of citizenship between the parties and that it "believes in good-faith that the amount in controversy exceeds $75,000 . . . based on the plaintiff's failure to respond to the CPLR 3017(c) demand." (Notice ¶ 8.) Neither the Notice nor the Complaint contains any allegations of fact establishing the amount in controversy. (*See* Compl.) Thus far, Plaintiff has not filed a motion for remand.

**DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the amount in controversy jurisdictional requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-*

*CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). In this case, Defendant fails to meet its burden to show that the jurisdictional amount has been satisfied, as it relies solely on an inference drawn from Plaintiff's alleged failure to respond to the CPLR § 3017(c) demand.

On August 1, 2016, Plaintiff served Defendant with a copy of the Complaint. (*See* Ex. A to Notice, at 8.) The Complaint did not specify an amount of damages. (*See generally* Compl.) On February 2, 2017, Defendant served Plaintiff with a CPLR § 3017(c) supplemental demand requesting, "that the plaintiff provide a response setting forth the total damages to which the pleader deems herself entitled." (*See* Ex. D to Notice, at 2.) Plaintiff did not respond to Defendant's demand, and on March 2, 2017, Defendant removed the action to this Court.

Defendant asserts that Plaintiff's failure to respond to its supplemental demand provides a "good-faith" basis that the amount in controversy is met. (Notice ¶ 8.) This argument is unpersuasive. This Court previously has held that "to infer from Plaintiff's silence that the amount in controversy is met does not come close to meeting the 'reasonable probability' threshold necessary to satisfy the amount in controversy element of diversity jurisdiction." *Remy v. Savoie*, 2017 WL 639251, at *2 (E.D.N.Y. Feb. 16, 2017); *Santamaria v. Krupa*, 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015) ("Plaintiffs' silence regarding the amount in controversy does not relieve Defendants of their burden to set forth facts in their notice of removal establishing the jurisdictional amount."). In the Second Circuit, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Thus, Plaintiff's failure to respond to Defendant's supplemental demand is insufficient to establish that

the jurisdictional amount is satisfied, and Defendant's removal of the action to this Court is premature. *See e.g.*, *Santamaria*, 2015 WL 6760140, at *3; *Kum v. Walcott*, 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012) (mere fact that plaintiff will not stipulate that damages do not exceed $75,000 "does not show, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied").

Additionally, Defendant cannot meet its burden in this case by relying on the face of the Complaint because the Complaint neither alleges a damages amount nor provides any information concerning the nature and extent of Plaintiff's injuries or the treatment received. As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegation that Plaintiff "was rendered sick, sore, lame and disabled, was caused to suffer great pain, was and is internally and externally injured, will continue to endure great pain and suffering, and has sustained and will continue to sustain special damages[.]" (Compl. ¶ 9.) Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages"). As Defendant has failed to meet its burden, this Court lacks subject matter jurisdiction over this case.

Defendant was not without recourse to determine the amount of damages Plaintiff seeks. CPLR § 3017(c) states that a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id.* While Defendant asserts that it served Plaintiff with the supplemental demand

4

on February 2, 2017, and that Plaintiff's time to respond expired, there is no allegation that Defendant sought an order from the state court requiring Plaintiff to respond. Rather than assume that Plaintiff's silence provided a reasonable probability that the amount in controversy was satisfied and prematurely removing the action to this Court, Defendant should have availed itself of the appropriate statutory provision, pursuant to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages. *Noguera*, 2011 WL 5117598, at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

Accordingly, the Court finds that based on the information contained in the Complaint and the Notice, Defendant has failed to show a reasonable probability exists that Plaintiff's claim is in excess of $75,000. Therefore, remand to the state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Kings County, under Index No. 512616/2016.

SO ORDERED.

Dated: Brooklyn, New York  
       March 15, 2017

/s/  
Dora L. Irizarry  
Chief Judge

5